IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, GERARD SCARANO, H. J. BRAMLETT, EUGENE GEORGE, PAUL SONGER, CHARLES VELARDO, MATTHEW AQUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO, and BEN CAPP, JR., as Trustees of, and on behalf of, the BRICKLAYERS & TROWEL TRADES INTERNATIONAL PENSION FUND,<br>  1776 Eye Street, NW, Fifth Floor<br>  Washington, DC  20006<br>  (202) 783-3788,<br><br>INTERNATIONAL MASONRY INSTITUTE<br>  1776 Eye Street, NW, Fifth Floor<br>  Washington, DC  20006<br>  (202) 783-3788,<br><br>    and<br><br>INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS<br>  1776 Eye Street, NW, Fifth Floor<br>  Washington, DC  20006<br>  (202) 783-3788,<br><br>            Plaintiffs,<br><br>        v.<br><br>A. BEST CONTRACTING COMPANY, INC.<br>  39-63 63rd Street<br>  Woodside, NY  11377<br><br>            Defendant. | Civil Action No. |

## COMPLAINT

Plaintiffs, by their attorneys, DICKSTEIN SHAPIRO MORIN & OSHINSKY LLP, complaining of the Defendant, allege as follows:

## CAUSE OF ACTION

### Jurisdiction and Venue

1. This is an action brought by the fiduciaries of the Bricklayers & Trowel Trades International Pension Fund ("IPF"), and the fiduciaries of the International Masonry Institute ("IMI"), to enforce the terms of the Plan and Trust Agreements adopted by the IPF and IMI and the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145. This action arises under the laws of the United States, specifically Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). Pursuant to Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), jurisdiction is therefore conferred on this Court. As to the claims brought by the International Union of Bricklayers and Allied Craftworkers ("BAC"), jurisdiction is conferred under § 301 of the Labor-Management Relations Act, 29 U.S.C. § 185.

2. The IPF and IMI are administered in the District of Columbia. Venue for the claims asserted by the IPF and IMI is conferred on this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), which provides:

> (2) Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. BAC maintains its principle office in the District of Columbia. Venue for the claims asserted by the BAC is therefore conferred on this Court pursuant to 29 U.S.C. § 185(c)(1).

## Parties

4. Plaintiffs, John Flynn, James Boland, Gerald O'Malley, Ken Lambert, Gerard Scarano, H. J. Bramlett, Eugene George, Paul Songer, Charles Velardo, Matthew Aquiline, Gregory R. Hess, Michael Schmerbeck, Vincent DeLazzero and Ben Capp, Jr., are Trustees of, and sue on behalf of, the IPF. The IPF is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37). Plaintiffs bring this action on behalf of, and for the benefit of, the beneficiaries of the IPF in their respective capacities as fiduciaries.

5. The IPF is also authorized to effect collections on behalf of the IMI and BAC, pursuant to a written Assignment of Claims and the *Collection Procedures of the Central Collection Unit of the Bricklayers and Allied Craftworkers* ("Collection Procedures").

6. Plaintiff, IMI, is an "employee benefit plan" within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), and is a "multiemployer plan" within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

7. Plaintiff, BAC, an unincorporated association, is a labor organization within the meaning of 29 U.S.C. § 152(5) and is entitled to bring suit under 29 U.S.C. § 185.

8. Defendant, A. Best Contracting Co., Inc., is, and at all times hereinafter mentioned was, a company maintaining offices and conducting business in the state of New York.

9. Defendant employs or has employed members of the International Union of Bricklayers and Allied Craftsmen and its affiliated local unions ("Union").

DSMDB.1966350.1

## Violation Charged

10. A. Best Contracting Co., Inc., acting through its authorized agent or officer, executed a collective bargaining agreement with the Union. That collective bargaining agreement is annexed hereto as Exhibit A and is hereinafter referred to as the "Agreement".

11. Pursuant to the Agreement, Defendant agreed to make certain payments to the IPF, IMI, and BAC on behalf of covered employees of Defendant.

12. Having submitted some contributions, Defendant has demonstrated an awareness of the obligation to make those payments.

13. An examination of Defendant's books and records ("audit") performed by the independent accounting firm of Ennis Prezioso & Company LLC, covering the time period January 1999 through December 2003, revealed that, for certain work performed during this time period, Defendant failed to submit either reports or contributions and dues checkoff.

14. For certain work performed during the months of September 2003 through May 2005, Defendant did submit reports to the IPF, but failed to submit related contributions and dues checkoff.

15. For work performed during the months of June 2005 through July 2005, Defendant has failed to submit any reports or related contributions and dues checkoff. Accordingly Plaintiffs have been forced to estimate the total amount of contributions and dues checkoff due from Defendants for work performed during these two months.

4

16. The total of known and estimated contributions due the IPF and IMI by Defendant for work performed during the months of January 1999 through July 2005 as outlined above, amounts to $133,684.39.

17. Under the terms of the Plan and Trust Agreements adopted by the IPF, and IMI, interest in the amount of $19,793.58 calculated at the rate of 15 percent per annum and an additional computation of interest at the rate of 15 percent per annum or liquidated damages at the rate of 20 percent in the amount of $25,271.29, as provided for by ERISA, have been assessed on the delinquent contributions payable to the IPF and IMI for work performed by Defendant's employees during the time period September 2003 through July 2005.

18. Defendant also owes the BAC delinquent dues checkoff moneys in the amount of $52,993.43, and interest in the amount of $7,243.60, for work performed by Defendant's employees during the time period September 2003 through July 2005.

19. To date the delinquent contributions, interest, and liquidated damages believed due and owing have not been paid.

20. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of ERISA, 29 U.S.C. § 1104(a)(1). Plaintiffs have been, and are, incurring additional attorney's fees as a direct result of Defendant's failure to make contributions in accordance with the terms and conditions of the Agreement.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For the total amount of $258,912.55, which is constituted as follows:

    a. For unpaid contributions and estimated contributions in the amount of $133,684.39 payable to the IPF and IMI for the time period September 2003 through July 2005 (ERISA Section 502(g)(2)(A));

    b. For interest in the amount of $19,793.58 assessed on such delinquent contributions and estimated contributions, calculated at 15 percent per annum from the Date Due (ERISA Section 502(g)(2)(B));

    c. For an additional computation of interest or liquidated damages in the amount of $25,271.29 assessed on delinquent contributions and estimated contributions owed to the IPF and IMI (ERISA Section 502(g)(2)(C));

    d. For dues checkoff moneys owed to the BAC in the amount of $52,993.43 (29 U.S.C. § 185);

    e. For interest in the amount of $7,243.60 on such delinquent dues checkoff moneys;

    f. For the costs of filing this action in the amount of $250.00 (ERISA Section 502(g)(2)(D)).

    g. For the costs of conducting the audit in the amount of $19,676.26 (ERISA Section 502(g)(2)(D)).

2. In the amount of Five Thousand Dollars ($5,000.00), and such additional amounts as may be incurred, representing attorney's fees and costs of this action (ERISA Section 502(g)(2)(D)).

DSMDB.1966350.1

3. That Defendant be directed to comply with its obligations to correctly report and to contribute to the IPF, IMI, and BAC all additional reports and contributions due and owing, and to pay the costs and disbursements of this action.

4. Such other relief as this Court deems appropriate, including judgment for any contributions and/or interest thereon that may accrue subsequent to the filing of this complaint, as well as any resulting statutory damages thereon under ERISA.

Dated: August 16, 2005

By: /s/ Ira R. Mitzner
Ira R. Mitzner, DC Bar No. 184564
DICKSTEIN SHAPIRO MORIN
 & OSHINSKY LLP
2101 L Street, NW
Washington, DC 20037-1526
(202) 828-2234

Attorneys for Plaintiffs